IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Chief Judge Wiley Y. Daniel**

Criminal Action No. 09-cr-00160-WYD

UNITED STATES OF AMERICA,

    Plaintiff,

v.

SOCRATES IVAN RAFAELA-RAMIREZ,

    Defendant.

**ORDER**

    THIS MATTER is before the Court on the Government's Motion for Protective Order for Jencks Act and Rule 16 Material [doc. #13], filed May 19, 2009. In its Motion, the government asks the Court to enter a Protective Order concerning the use, custody, and circulation of Jencks Act material and Fed. R. Crim. P. 16 material disclosed in relation to the above captioned case as to the above named Defendant. *See* Title 18 U.S.C. § 3500; Fed. R. Crim. P. 16(a)(2), 26.2; *Giglio v. United States*, 405 U.S. 150 (1972); *United States v. Ruiz*, 536 U.S. 622, 631-32 (2002) (upholding the right of the government to withhold confidential informant information in the context of plea bargaining before trial). In its response, filed May 22, 2009, Defendant indicated it did not oppose the government's proposed order.

    For good cause, the Court may enter a protective order regulating discovery in a criminal case pursuant to Fed. R. Crim. P. 16(d) and the All Writs Act, Title 28 U.S.C. § 1651. The Government has expressed concerns that the Jencks Act protected

documents, such as witness statements and reports of statements of witnesses or persons assisting law enforcement, shall not be left in the exclusive custody of Defendant, citing concerns for witness safety that could stem from the unauthorized publication, duplication, or circulation of certain written documents.  Similar concerns have been expressed about the use of audio files, photographs of persons cooperating with law enforcement, and the use of personal identifying information reflected in NCIC/CCIC types of reports that may be disclosed to the defense.  In the context of pretrial discovery, the Court finds and concludes that the concerns expressed may have some merit, that the burden on the defense is not extensive, and that encouraging the early disclosure of Jencks Act material may encourage the fair and prompt resolution of the case.  The Court having reviewed the Motion and being fully advised in the premises therein, it is hereby

ORDERED that the Government's Motion for Protective Order for Jencks Act and Rule 16 Material [doc. #13], filed May 19, 2009, is **GRANTED**.  In accordance therewith, the Court enters the following Protective Order:

Jencks Act material furnished to the defense in this case, to include witness statements and reports of witness statements or debriefings, and Fed. R. Crim. P. 16 material, to include audio files, photographs, and any NCIC/CCIC reports, shall be used for official purposes related to judicial proceedings in this case only.

Jencks Act material such as reports of statements by witnesses, reports of witness statements or debriefings, and recordings or transcripts of witness statements or testimony shall remain in the physical custody and control of the defense attorneys

who have entered their appearance in this case and the confidential employees of such defense attorneys.  Such Jencks Act material shall not be left in the exclusive custody of Defendant.  Defendant and other persons assisting the attorneys for Defendant may review the Jencks Act material, but such review must be accomplished without violating the rule that the Jencks Act material is to remain, at all times, under the custody and physical control of the attorneys, either personally or through the custody and control of confidential employees of the attorneys.  The same custodial guidelines shall apply to the use of audio files, confidential informant's official record, photographs of persons, and NCIC/CCIC reports provided to the defense pursuant to Rule 16.

Unless the attorneys for the defense and the government come to a specific understanding to the contrary, the Jencks Act material and Rule 16 material disclosed to the defense, to include disclosure made through the use of electronic media, shall not be copied, reproduced, published, or publicly circulated by the defense without further order of the Court or until its use in judicial proceedings at time of trial or in official hearings or proceedings related to this case.

In the event the defense and the government agree that certain materials or documents should be exempted from the limits otherwise imposed by this Order, they may do so by mutual agreement.  In the event that the defense and the government disagree or are unclear about the meaning or application of this Order with respect to some document, audio file, photograph, or other material in the case, the parties may bring the issue to the attention of the Court.

At the conclusion of the case, the described Jencks Act material, NCIC/CCIC records, audio files, confidential informant's official record, and photographs shall be returned to the government.

Dated:  May 29, 2009

                                        BY THE COURT:

                                        s/ Wiley Y. Daniel  
                                        Wiley Y. Daniel  
                                        Chief United States District Judge